ELECTRONICALLY FILED
2024 Apr 18 12:09 PM
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHONDA R. WHITE, INDIVIDUALY AND AS
MOTHER AND NEXT FRIEND OF
LASUNDRA JOSEPHINE WHITE, A MINOR
and JASMINE KINDS, DECEASED MINOR,

    Plaintiffs,

vs.                      NO: CT-1610-24

                        Division: VII

MEMPHIS POLICE DEPARTMENT
MARTERRION BRISCO, and
XAVIER HUNT,

    Defendants.

## COMPLAINT

Come now the Plaintiffs and sue the Defendants Memphis Police Department, Marterrion Brisco and Xavier Hunt, and for cause of action, say:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1. Plaintiff, SHONDA R. WHITE, is an adult resident of Memphis, Shelby County, Tennessee, and the mother and next friend of LASUNDRA JOSEPHINE WHITE, a minor (DOB: 10/23/2008) and JASMINE KINDS, deceased minor (DOB: 2/16/2006).

1

**EXHIBIT A**

2. That Defendant, Memphis Police Department, upon information and belief is the municipal police department for the City of Memphis, which has waived its sovereign immunity pursuant to TCA § 29-20-202, and which can be served through its Chief, Cerelyn "C.J" Davis, with a current address at 170 North Main Street, Memphis, Tennessee 38103.

3. That Defendant, Marterrion Brisco, upon information and belief, is an adult resident of Memphis, Shelby County, Tennessee, with a current address at 3196 Southbridge Street, Memphis, Tennessee 38118.

4. That Defendant, Xavier Hunt, upon information and belief, is an adult resident of Memphis, Shelby County, Tennessee, with a current address at 4455 Laird Drive, Memphis, Tennessee 38141.

5. This cause of action arises from a vehicular accident on or about May 6, 2023, in Memphis, Shelby County, Tennessee, resulting from a high-speed chase engaged in by the Defendant, Memphis Police Department, and the vehicle driven by Defendant, Marterrion Brisco, in which minor Plaintiff, LASUNDRA JOSEPHINE WHITE, was severely injured and minor Plaintiff, JASMINE KINDS, was killed as a result of her severe injuries.

6. Pursuant to the above and in accordance with TCA § 29-20-307, jurisdiction, venue, and service of process is therefore proper with this Honorable Court.

## FACTS

7. On or about May 6, 2023, at approximately 2:53 A.M., minor Plaintiffs, LASUNDRA JOSEPHINE WHITE, and JASMINE KINDS, were guest passengers in a 2013 Infiniti G37 automobile bearing Tennessee License No. BJW9457, driven by

2

Defendant, Marterrion Brisco and owned by Defendant, Xavier Hunt, traveling eastbound on Park Avenue in Memphis, Shelby Couty, Tennessee.

8. At the same time, on or about May 6, 2023, two sworn police officers employed by Defendant, Memphis Police Department, and operating a marked police unit owned by the Defendant, Memphis Police Department, engaged in a high-speed pursuit of the 2013 Infiniti G37 operated by Defendant, Marterrion Brisco.

9. On or about May 6, 2023, at approximately 2:53 A.M., the sworn police officers employed by Defendant, Memphis Police Department, in their high speed pursuit of the vehicle operated by Defendant, Marterrion Brisco, struck the rear of the 2013 Infiniti G37 vehicle operated by Defendant, Marterrion Brisco, which caused Defendant, Marterrion Bisco, to swerve to avoid a vehicle, crossed the center line, failed to maintain control, striking a vehicle traveling westbound on Park Avenue. That Defendant, Marterrion Brisco then exited the roadway to the north striking a chain link fence, a metal awning, and a brick building, which resulted in Defendant's vehicle catching on fire and exploding, burning the building and coming to rest against the same brick building facing east.

10. That after the impact, Defendant, Marterrion Brisco, fled the scene of the accident.

## VICARIOUS LIABILITY

11. Plaintiffs charge and allege that the Defendant, Memphis Police Department, was the registered owner of the vehicle that was negligently and recklessly operated by the two sworn police officers of Defendant, Memphis Police Department, on or about May 6, 2023, and that Defendant, Memphis Police Department, is

3

vicariously liable for the negligent acts and/or omissions of the two sworn police officers of the Memphis Police Department, pursuant to the doctrines of negligent entrustment, permissive user, master/servant, agency, and/or family purpose. Plaintiffs further rely upon §55-10-311 and § 55-10-312 of the Tennessee Cde Annotated, so that every act of negligence as alleged herein against the two sworn police officers is imputed to Defendant, Memphis Police Department, who is liable to Plaintiffs for the resulting injuries to minor Plaintiff, LADUNDRA JOEPHINS WHITE, and the fatal death of minor Plaintiff, JASMINE KINDS.

12. Plaintiffs charge and allege that the Defendant, Xavier Hunt, was the registered owner of the vehicle that was negligently and recklessly operated by Defendant, Marterrion Brisco, on or about May 6, 2023, and that Defendant, Xavier Hunt, is vicariously liable for the negligent acts and/or omissions of the Defendant, Marterrion Brisco, pursuant to the doctrines of negligent entrustment, permissive user, master/servant, agency, and/or family purpose. Plaintiffs further rely upon § 55-10-311 and § 55-10-312 of the Tennessee Cde Annotated, so that every act of negligence as alleged herein against Defendant, Marterrion Brisco, who is liable to Plaintiffs for the resulting injuries to minor Plaintiff, LADUNDRA JOSEPHINE WHITE, and the fatal death of minor Plaintiff, JASMINE KINDS.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

13. Plaintiffs charge and allege that the two sworn police officers of the Memphis Police Department, were guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

4

(a) Negligently disregarding their duty to operate their marked unit with due regard for the safety of others;

(b) In operating their vehicle in reckless disregard for the safety of others;

(c) Negligently failing to maintain a proper lookout ahead;

(d) Negligently failing to maintain proper control of their vehicle under the existing circumstances;

(e) Negligently failing to operate their vehicle at a safe speed for the circumstances then and there existing;

(f) Negligently failing to adequately monitor the flow of traffic;

(g) In engaging in a high-speed pursuit of the vehicle operated by Defendant, Marterrion Brisco;

(h) In negligently operating their vehicle knowing there was a high degree of risk of injury to innocent third parties, particularly the minor Plaintiff passengers in the vehicle operated by Defendant, Marterrion Brisco;

(i) In operating their vehicle in pursuit of Defendant, Marterrion Brisco, in an inner-city street, creating a high degree of risk of an accident resulting;

(j) In operating their vehicle in pursuit of Defendant, Marterrion Brisco, in the presence of other traffic which created a high degree of risk of an accident resulting;

(k) In pursuing the fleeing suspect Defendant, Marterrion Brisco, creating a high risk of injury to others;

(l) In striking the rear of the 2013 Infiniti G37 vehicle operated by Defendant, Marterrion Bisco.

14. Plaintiffs charge and allege that Defendant, Marterrion Brisco, was guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

(a) Negligently failing to maintain a proper lookout ahead;

5

(b) Negligently failing to maintain proper control of the vehicle under the existing circumstances;

(c) Negligently failing to devote full time and attention to the operation of his vehicle;

(d) Negligently failing to use the degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

(e) Negligently failing to operate his vehicle at a safe speed for the circumstances then and there existing;

(f) Negligently failing to adequately and reasonably monitor the flow of traffic;

(g) Negligently failing to bring his vehicle under control by applying his brakes in time to avoid an accident;

(h) Negligently failing to use reasonable care to avoid injury to himself and/or others while operating a vehicle;

(i) Negligently failing to slow, stop, steer, or otherwise maneuver his vehicle to avoid the accident

(j) In operating his vehicle at an excessive rate of speed;

(k) In driving his vehicle in a wanton, reckless, and malicious manner without due regard for the safety of persons or property, in violation of his common law duties.

(l) In failing to stop, furnish information, and render aid to minor Plaintiffs who were seriously injured;

(m) In fleeing the scene of the accident;

(n) In failing to report said accident to the police.

15. Plaintiffs charge and allege that at the time of the collision in question, the following Statutes of the State of Tennessee were in full force and effect and were

6

violated by the two sworn police officers, employees of the Memphis Police Department:

constituting negligence per se, to wit:

### Section 55-8-103   Required obedience to traffic laws -
It is unlawful and unless otherwise declared in this chapter and chapter 10, parts 1 - 5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

### Section 55-8-136   Drivers to exercise due care -
(b)  Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid collision with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endanger life, limb or property.
(c)  A violation of this section is a Class C misdemeanor.

### Section 55-10-205  Reckless driving.
(a)  Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

16.   Plaintiffs charge and allege that at the time of the collision in question, the

following Statutes of the State of Tennessee were in full force and effect and were

violated by Defendant, Marterrion Brisco, constituting negligence per se, to wit:

### Section 55-8-103   Required obedience to traffic laws -
It is unlawful and unless otherwise declared in this chapter and chapter 10, parts 1 - 5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

### Section 55-8-136   Drivers to exercise due care -
(b)  Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a

7

motor vehicle shall exercise due care to avoid collision with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endanger life, limb or property.

(c)  A violation of this section is a Class C misdemeanor.

### Section 55-10-205  Reckless driving.

(a)  Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

### Section 55-10-101  Accidents involving death or personal injury -

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close to the scene as possible, but shall then return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of §55-10-103.

### Section 55-10-103  Duty to give information and render aid. -

(a)    The driver of any vehicle involved in an accident, resulting in injury to or death of any person or damage to any vehicle that is driven or attended by any person shall give the driver's name, address and the registration number of the vehicle the driver is driving, and shall, upon request and if available, exhibit that driver's operator's or chauffeur's license, or driver license, to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if carrying is requested by the injured person.

### Section 55-10-106  Immediate notice of accident.

(a)    The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of fifty dollars ($50.00) or more shall immediately, by the quickest means of communication, give notice of the accident to the local police department if the accident occurs within a *municipality, otherwise to the office of the county sheriff or the* nearest office of the state highway patrol.

8

**Section 55-10-205 Reckless driving.**
    (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

17. Plaintiffs charge and allege that the two sworn police officers of the Memphis Police Department, were in violation of certain ordinances of Shelby County, Tennessee which were in full force and effect at the time and place of the accident and applicable as set forth in the Shelby County Tennessee Code of Ordinances, constituting negligence per se, as follows:

**Section 24-116. Duty to devote full time and attention to operating vehicle.**
    It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**Section 24-117. Duty to drive at a safe speed, maintain lookout, and keep vehicle under control;**
    Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
        (1) Operate his vehicle at a safe speed.
        (2) Maintain a safe lookout;
        (3) Use due care to keep his vehicle under control.

**Section 24-136. General speed restrictions.**
    It shall be unlawful for any person to drive a vehicle upon the streets or highways of the county at a speed greater than that which is posted by the county or state.

18. Plaintiffs charge and allege that the Defendant, Marterrion Brisco, was in violation of certain ordinances of Shelby County, Tennessee which were in full force and effect at the time and place of the accident and applicable as set forth in the Shelby County Tennessee Code of Ordinances, constituting negligence per se, as follows:

9

**Section 24-115. State driver's license required; compliance with financial responsibility law required; evidence of compliance.**

(a) For purposes of this section:
Financial responsibility means:
(1) Documentation, such as the declaration page of an insurance policy, an insurance binder, or an insurance card from an insurance company authorized to do business in the state, stating that a policy of insurance meeting the requirements for the state financial responsibility law has been issued;

(b) No person shall operate any motor vehicle on any street or highway without having in his possession a driver's license valid under the laws of the state for the type or class of vehicle being driven.

(e) It is a violation of this section to fail to provide evidence of financial responsibility pursuant to this section.

**Section 24-116. Duty to devote full time and attention to operating vehicle.**

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**Section 24-117. Duty to drive at a safe speed, maintain lookout, and keep vehicle under control;**

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
(1) Operate his vehicle at a safe speed.
(2) Maintain a safe lookout;
(3) Use due care to keep his vehicle under control.

**Section 24-136. General speed restrictions.**

It shall be unlawful for any person to drive a vehicle upon the streets or highways of the county at a speed greater than that which is posted by the county or state.

## PROXIMATE CAUSE

19. Plaintiff, s charge and allege that one, some or all of the aforesaid acts of common law negligence, violations of the Statues of the State of Tennessee, and/or violation of certain Ordinances of Shelby County, Tennessee, by the two sworn police officers of Defendant, Memphis Police Department, and Defendant, Marterrion Brisco,

10

was the direct and proximate cause of the collision at issue and the resulting injuries and damages sustained by minor Plaintiff, LASUNDRA JOSEPHINE WHITE and deceased minor Plaintiff, JASMINE KINDS, to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

20. Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of LASUNDRA JOSEPHINE WHITE, minor, charges and alleges that as a direct and proximate result of one, some, or all of the of the aforesaid acts of common law negligence and/or violation of the Statutes of the State of Tennessee and/or violation of the Ordinances of Shelby County, Tennessee, on the part of the two sworn police officers of the Memphis Police Department and Defendant, Marterrion Brisco, that minor Plaintiff, LASUNDRA JOSEPHINE WHITE, suffered injuries and damages, including but not limited to:

    a. Severe and permanent personal injuries and damages, including but not limited to 2nd degree burns on the right side of her body, scarring and disfigurement, and injuries to her body as a whole, and trauma;

    b. Temporary/permanent impairment to the body as a whole as a result of multiple injuries;

    c. Enormous pain and physical suffering;

    d. Hedonic damages, including loss of enjoyment of life, both past and future;

    e. Fright and shock;

    f. Great mental anguish, and

    g. Out of pocket expenses;

11

  h. Large medical expenses, both past and future, were also incurred by Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of minor Plaintiff, LASUNDRA JOSEPHINE WHITE, the known amount which may be supplemented, pursuant to TCA § 24-5-113(b).

21. Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of JASMINE KINDS, deceased minor, charges and alleges that as a direct and proximate result of one, some, or all of the of the aforesaid acts of common law negligence and/or violation of the Statutes of the State of Tennessee and/or violation of the Ordinances of Shelby County, Tennessee, on the part of the two sworn police officers of the Memphis Police Department and Defendant, Marterrion Brisco, that minor Plaintiff, JASMINE KINDS, suffered severe and fatal injuries and damages, including but not limited to:

  a. Severe fatal personal injuries and damages to her body as a whole resulting in her death,

  b. Enormous pain and physical suffering prior to her death;

  d. Hedonic damages, including loss of enjoyment of life, both past and future;

  e. Fright and shock;

  f. Great mental anguish, and

  g. Out of pocket expenses;

  h. Large medical expenses, both past and future, were also incurred by Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of deceased minor Plaintiff, JASMINE KINDS, the known amount which may be supplemented, pursuant to TCA § 24-5-113(b), including medical expenses and funeral expenses.

12

## **PRAYER FOR RELIEF**

22.   WHEREFORE, Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of LASUNDRA JOSEPHINE WHITE, sues the Defendants and prays for a judgment for compensatory damages in an amount not to exceed Seven Hundred Fifty Thousand and No/100 Dollars ($750,000.00).

23.   WHEREFORE, Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of deceased minor, JASMINE KINDS, sues the Defendants and prays for a judgment for compensatory damages in an amount not to exceed Seven Hundred Fifty Thousand and No/100 Dollars ($750,000.00).

24.   WHEREFORE, Plaintiffs also pray for a trial and the right to amend their Complaint to conform to the evidence as it develops, costs, post-judgment interest, and for any and all further legal and equitable relief that this Honorable Court deems proper.

MILLER LAW FIRM

_____
Henry W. Miller   (#016817)
Michael W. Miller   (#11612)
Henry W. Miller, IV   (#036533)
Attorneys for Plaintiffs
2400 Poplar Avenue, Suite 418
Memphis, TN 38112
901-327-3434   (Office)
mlfhenry@bellsouth.net
mlfmichael@bellsouth.net
mlfhenryjr@gmail.com

13