ELECTRONICALLY FILED
2025 Jul 15 12:34 PM
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SYMARA A.C. YOUNG,

Plaintiff,

vs.                              NO: CT-1449-24    Division IX

CITY OF MEMPHIS
AND MARTERRION BRISCOE

Defendants.

SHONDA R. WHITE, INDIVIDUALY AND AS
MOTHER AND NEXT FRIEND OF
LASUNDRA JOSEPHINE WHITE, A MINOR
and JASMINE KINDS, DECEASED MINOR,

     Plaintiffs,

vs.                              NO:  CT-1610-24    Division IX

CITY OF MEMPHIS, TENNESSEE,
MEMPHIS POLICE DEPARTMENT,
ONTARIAN MALONE,
MARQUAVIUS WILLIAMS,
MARTERRION BRISCO, and
XAVIER HUNT,

     Defendants.

**PLAINTIFFS SHONDA R. WHITE, INDIVIDUALLY AND AS MOTHER AND NEXT
FRIEND OF LASUNDRA JOSEPHINE WHITE, A MINOR and JASMINE KINDS,
DECEASED MINOR'S
FIRST AMENDED COMPLAINT**

1

EXHIBIT

C

tabbies®

Come now the Plaintiffs Shonda R. White, individually and as mother and next

friend of Lasundra Josephine White, a minor, and Jasmine Kinds, deceased minor, by

and through their undersigned Counsel, and filing their First Amended Complaint herein

and in support thereof, would show this Honorable Court the following to-wit:

## I. INTRODUCTION

1. This is an action brought against Defendants, City of Memphis, Tennessee

(hereinafter referred "Defendant City"), Memphis Police Department, (hereinafter referred

Defendant MPD), Ontarian Malone and Marquavius Williams (hereinafter collectively

referred to as "Defendant Officers Malone and Williams"), for federal constitutional

violations and state law personal and tortious injuries suffered by Plaintiffs because

of their intentional, callous, unreasonable and unlawful pursuit while Defendants

acted under color of state law. Plaintiffs bring this action for compensatory

damages under 42 U.S.C. §1983, because Defendants jointly and/or severally

deprived Plaintiffs their federally protected civil liberties and privileges to be free from

unreasonable excessive force, and to be free from arrest without just cause. U.S.

CONST. amends. IV, XIV as well as derivative claims and damages

2. As a direct consequence of the policies, practices, and procedures of the

City of Memphis, Tennessee (hereinafter "Defendant City"), Plaintiffs were

intentionally deprived of their constitutional rights guaranteed by the Fourth and

Fourteenth Amendments to the United States Constitution. Defendant Officers,

Malone and Williams, and  by ratification and condoning, Defendant Officers Malone and

Williams, acting within the course and scope of their employment with the Defendant,

2

MPD, and acting under color of state law, unjustifiably used excessive and unreasonable force in pursuing the vehicle in which Plaintiffs were passengers, without probable cause and under circumstances where no reasonable law enforcement would have done so. Under well-established law concerning the above violations, Defendant Officers Malone and Williams, are not entitled to qualified or other immunity for these actions.

3.    Venue is proper because Defendant City is deemed to be chartered and incorporated in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers Malone and Williams, are employees of Defendant City and Defendant MPD and acted in their official capacity or under color of legal authority, and all events, actions, and injuries giving rise to this claim occurred within the Western District of Tennessee.

4.    All applicable limitations on actions have been extended pursuant to the "Discovery Rule" in light of new evidence produced during the discovery phase of litigation.

## I.    PARTIES

5.    Plaintiffs reallege paragraphs 1 through 4 of this First Amended Complaint and incorporate them herein by reference.

6.    Plaintiff, SHONDA R. WHITE, is an adult resident of Memphis, Shelby County, Tennessee, and the mother and next friend of LASUNDRA JOSEPHINE WHITE, a minor (DOB: 10/23/2008) and JASMINE KINDS, deceased minor (DOB:

2/16/2006).

7.  That Defendant, MPD, upon information and belief is the municipal police
department for the City of Memphis, which has waived its sovereign immunity
pursuant to TCA § 29-20-202, and which can be served through its Chief, Cerelyn
"C.J" Davis, with a current address at 170 North Main Street, Memphis, Tennessee
38103.

8.  That Defendant City, upon information and belief is a municipal entity with an
office and place of business in Memphis, Selby County, Tennessee; that Paul Young
is the City Mayor with offices located at 125 N. Main Street, Memphis, Shelby
County, Tennessee; that Tannera Gibson is the City's Chief Legal Officer with
offices at 125 N. Main Street, Room 336, Memphis, Shelby County, Tennessee.

9.  That Defendant, Ontarian Malone, upon information and belief, is an adult
resident of Memphis, Shelby County, Tennessee, with a current address at 4928
Woodberry Cove, Memphis, Tennessee 38114.

10.  That Defendant, Marquavius Williams, upon information and belief, is an
adult of Memphis, Shelby County, Tennessee, with a current address at 6375 Arbor
Creek Trail, #102, Memphis, Tennessee 38115.

11.  That Defendant, Marterrion Brisco, upon information and belief, is an adult
resident of Memphis, Shelby County, Tennessee, with a current address at 3196
Southbridge Street, Memphis, Tennessee 38118.

12.  That Defendant, Xavier Hunt, upon information and belief, is an adult resident of

4

Memphis, Shelby County, Tennessee, with a current address at 4455 Laird Drive,

Memphis, Tennessee 38141.

13.   Defendant MPD is a municipality, duly incorporated under the laws of the

State of Tennessee and, as such, is a political subdivision of the State of

Tennessee. Amongst its many functions, the Defendant City operates and maintains

a law enforcement agency known as the Memphis Police Department (hereinafter

Defendant MPD"). The Defendant City is under a duty to operate its police activities

in a lawful manner to preserve the peace and dignity of the Defendant City and the

rights, privileges, and immunities guaranteed and secured to its residents and

visitors pursuant to the Constitution and the laws of the United States of America

and State of Tennessee.

14.   All law enforcement officers were employed in the City of Memphis, Shelby

County, Tennessee at all times relevant to the events in question. The acts and

omissions complained of herein arise from the conduct of Defendant Officers Malone

and Williams, while they were acting under color of state law, and each act and

omission was committed pursuant to Defendant Officers Malone and Williams'

employment and authority as police officers with Defendant City.  Defendant Officers

Malone and Williams are sued in their official and individual capacities.

15. This cause of action arises from a vehicular accident on or about May 6, 2023,

in Memphis, Shelby County, Tennessee, resulting from a high-speed chase engaged in

by the Defendant Officers, Malone and Williams, Officers with the Defendant City and

Defendant MPD and the vehicle driven by Defendant, Marterrion Brisco, in which minor

Plaintiff, LASUNDRA JOSEPHINE WHITE, was severely injured and minor Plaintiff,

JASMINE KINDS, was wrongfully killed as a result of her severe injuries.

16. Pursuant to the above and in accordance with TCA § 29-20-307, jurisdiction,

venue, and service of process is therefore proper with this Honorable Court.

### III. FACTS

17. Plaintiffs reallege paragraphs 1 through 16 of this First Amended Complaint

and incorporate them herein by reference.

18. On or about May 6, 2023, at approximately 2:53 A.M., minor Plaintiffs,

LASUNDRA JOSEPHINE WHITE, and JASMINE KINDS, were guest passengers in

a 2013 Infiniti G37 automobile bearing Tennessee License No. BJW9457, driven by

Defendant, Marterrion Brisco and owned by Defendant, Xavier Hunt, traveling

eastbound on Park Avenue in Memphis, Shelby Couty, Tennessee.

19. At the same time, on or about May 6, 2023, Defendant Officers Malone and

Williams, employed by Defendant City and Defendant MPD, and operating a marked

police unit owned by the Defendant City, engaged in a high-speed pursuit of the

2013 Infiniti G37 operated by Defendant, Marterrion Brisco.

20. On or about May 6, 2023, at approximately 2:53 A.M., the sworn police

officers employed by Defendant City and Defendant MPD, Defendant Officers

Malone and Williams, in their high-speed pursuit of the vehicle operated by

Defendant, Marterrion Brisco, intentionally struck the rear of the 2013 Infiniti G37

vehicle operated by Defendant, Marterrion Brisco, which caused Defendant,

Marterrion Bisco, to swerve to avoid a vehicle, crossed the center line, failed to

maintain control, striking a vehicle traveling westbound on Park Avenue. That

Defendant, Marterrion Brisco then exited the roadway to the north striking a chain

link fence, a metal awning, and a brick building, which resulted in Defendant's

vehicle catching on fire and exploding, burning the building and coming to rest

against the same brick building facing east.

21.   Prior to initiating the high-speed pursuit Defendants, Officers Malone and

Williams, turned off their headlights; disconnected, turned off and/or dismantled all

communication and location devices for their patrol car.

22.   That after the impact, Defendant, Marterrion Brisco, fled the scene of the

accident.

### IV.  VICARIOUS LIABILITY

23.   Plaintiffs reallege paragraphs 1 through 21 of this First Amended Complaint

and incorporate them herein by reference.

24.   Plaintiffs charge and allege that the Defendant City was the registered

owner of the vehicle that was negligently and recklessly operated by the two sworn

police officers, Defendant Officers Malone and Williams, of Defendant City and

Defendant MPD on or about May 6, 2023, and that Defendants City and MPD are

vicariously liable for the negligent acts and/or omissions of the two sworn police

officers of the Defendant City, pursuant to the doctrines of negligent entrustment,

permissive user, master/servant, agency, and/or family purpose.  Plaintiffs further

7

rely upon §55-10-311 and § 55-10-312 of the Tennessee Code Annotated, so that

every act of negligence as alleged herein against the two sworn police officers,

Defendant Malone and Williams, is imputed to Defendant City and Defendant MPD,

who are liable to Plaintiffs for the resulting injuries to minor Plaintiff, LADUNDRA

JOEPHINS WHITE, and the fatal death of minor Plaintiff, JASMINE KINDS.

    25.  Plaintiffs charge and allege that the Defendant, Xavier Hunt, was the registered

owner of the vehicle that was negligently and recklessly operated by Defendant,

Marterrion Brisco, on or about May 6, 2023, and that Defendant, Xavier Hunt, is

vicariously liable for the negligent acts and/or omissions of the Defendant, Marterrion

Brisco, pursuant to the doctrines of negligent entrustment, permissive user,

master/servant, agency, and/or family purpose.  Plaintiffs further rely upon § 55-10-311

and § 55-10-312 of the Tennessee Cde Annotated, so that every act of negligence as

alleged herein against Defendant, Marterrion Brisco, who is liable to Plaintiffs for the

resulting injuries to minor Plaintiff, LADUNDRA JOSEPHINE WHITE, and the fatal

death of minor Plaintiff, JASMINE KINDS.

## V. ACTS AND/OR OMISSIONS OF NEGLIGENCE

    26.  Plaintiffs reallege paragraphs 1 through 24 of this First Amended Complaint

and incorporate them herein by reference.

    27.  Plaintiffs charge and allege that the two sworn police officers of the

Defendant City and Defendant MPD, Defendant Officers Malone and Williams, were

guilty of one, some, or all of the following acts and/or omissions of common law

negligence, to wit:

8

(a)   Negligently disregarding their duty to operate their marked unit with due regard for the safety of others;

(b)   In operating their vehicle in reckless disregard for the safety of others;

(c)   Negligently failing to maintain a proper lookout ahead;

(d)   Negligently failing to maintain proper control of their vehicle under the existing circumstances;

(e)   Negligently failing to operate their vehicle at a safe speed for the circumstances then and there existing;

(f)   Negligently failing to adequately monitor the flow of traffic;

(g)   In engaging in a high-speed pursuit of the vehicle operated by Defendant, Marterrion Brisco;

(h)   In negligently operating their vehicle knowing there was a high degree of risk of injury to innocent third parties, particularly the minor Plaintiff passengers in the vehicle operated by Defendant, Marterrion Brisco;

(i)   In operating their vehicle in pursuit of Defendant, Marterrion Brisco, in an inner-city street, creating a high degree of risk of an accident resulting;

(j)   In operating their vehicle in pursuit of Defendant, Marterrion Brisco, in the presence of other traffic which created a high degree of risk of an accident resulting

(k)   In pursuing the fleeing suspect Defendant, Marterrion Brisco, at a very high rate of speed, exceeding the posted speed limit, with no vehicle lights on, no visual or audible emergency signal, or a combination of emergency devices during a time of darkness, intentionally creating a high risk of injury to others;

(l)   In intentionally striking the rear of the 2013 Infiniti G37 vehicle operated by Defendant, Marterrion Brisco;

(m)   Defendants' conduct shocked the conscious of society.

(n)     In failing to stop, furnish information, and render aid to minor
Plaintiffs who were seriously injured;

(o)     In fleeing the scene of the accident;

(p)     In failing to report said accident to the police.

28.  Plaintiffs charge and allege that Defendant, Marterrion Brisco, was guilty of

one, some, or all of the following acts and/or omissions of common law negligence, to

wit:

(a)     Negligently failing to maintain a proper lookout ahead;

(b)     Negligently failing to maintain proper control of the vehicle under
the existing circumstances;

(c)     Negligently failing to devote full time and attention to the operation
of his vehicle;

(d)     Negligently failing to use the degree of care and caution in the
operation of his vehicle as was required of a reasonable and
prudent person under the same or similar circumstances existing at
the time and place of the aforementioned collision;

(e)     Negligently failing to operate his vehicle at a safe speed for the
circumstances then and there existing;

(f)     Negligently failing to adequately and reasonably monitor the flow of
traffic;

(g)     Negligently failing to bring his vehicle under control by applying his
brakes in time to avoid an accident;

(h)     Negligently failing to use reasonable care to avoid injury to himself
and/or others while operating a vehicle;

(i)     Negligently failing to slow, stop, steer, or otherwise maneuver his
vehicle to avoid the accident

(j)     In operating his vehicle at an excessive rate of speed;

10

(k)   In driving his vehicle in a wanton, reckless, and malicious manner
without due regard for the safety of persons or property, in violation
of his common law duties.

(l)   In failing to stop, furnish information, and render aid to minor
Plaintiffs who were seriously injured;

(m)   In fleeing the scene of the accident;

(n)   In failing to report said accident to the police.

(o)   Defendant's conduct shocked the conscious of society.

29.  Plaintiffs charge and allege that at the time of the collision in question, the

following Statutes of the State of Tennessee were in full force and effect and were

violated by the Defendants Officers Malone and Williams, employees of the

Defendant City and Defendant MPD constituting negligence per se, to wit:

**Section 39-13-213 – Vehicular homicide, et seq.**
(a) Vehicular homicide is the reckless killing of another by the operation of
an automobile, airplane, motorboat or other motor vehicle, as the
proximate result of: (1) Conduct creating a substantial risk of death or
serious bodily injury to a person; (2) The driver's intoxication, as set forth
in § 55-10-401. For the purposes of this section, "intoxication" includes
alcohol intoxication as defined by § 55-10-411(a), drug intoxication, or
both; (3) As the proximate result of conduct constituting the offense of
drag racing as prohibited by title 55, chapter 10, part 5; or (4) The driver's
conduct in a posted construction zone where the person killed was an
employee of the department of transportation or a highway construction
worker.

(b) (1) Vehicular homicide under subdivision (a)(1) or (a)(3) is a Class C
felony.

(2)(A) Vehicular homicide under subdivision (a)(2) is a Class B felony.
(B) Any sentence imposed for a first violation of subdivision (a)(2) shall
include a mandatory minimum sentence of forty-eight (48) consecutive
hours of incarceration. The person shall not be eligible for release from
confinement on probation pursuant to § 40-35-303 until the person has
served the entire forty-eight-hour minimum mandatory sentence.

11

(C) If at the time of sentencing for a violation of subdivision (a)(2), the person has one (1) prior conviction for an alcohol-related offense, any sentence imposed by the judge shall include a mandatory minimum sentence of forty-five (45) consecutive days of incarceration. The person shall not be eligible for release from confinement on probation pursuant to § 40-35-303 until the person has served the entire forty-five-day minimum mandatory sentence.

(D) If at the time of sentencing for a violation of subdivision (a)(2), the person has any combination of two (2) prior convictions for an alcohol-related offense, any sentence imposed by the judge shall include a mandatory minimum sentence of one hundred twenty (120) consecutive days of incarceration. The person shall not be eligible for release from confinement on probation pursuant to § 40-35-303 until the person has served the entire one hundred twenty-day mandatory minimum sentence.

(E) If at the time of sentencing for a violation of subdivision (a)(2), the person has any combination of three (3) or more prior convictions for an alcohol-related offense, any sentence imposed by the judge shall include a mandatory minimum sentence of one hundred fifty (150) consecutive days of incarceration. The person shall not be eligible for release from confinement on probation pursuant to § 40-35-303 until the person has served the entire one hundred fifty-day mandatory minimum sentence.

(F) As used in this subdivision (b)(2), "alcohol-related offense" means a conviction for a violation of subdivision (a)(2), § 55-10-401, § 39-13-106, or § 39-13-218.

(G) For purposes of sentencing under this subdivision (b)(2), a prior conviction for an alcohol-related offense may be used to enhance the mandatory minimum sentence regardless of whether it occurred before or after July 1, 2015, as long as the violation of this section occurs on or after July 1, 2015.

(3) Vehicular homicide under subdivision (a)(4) is a Class D felony.

(c) The court shall prohibit a defendant convicted of vehicular homicide from driving a vehicle in this state for a period of time not less than three (3) years nor more than ten (10) years.

12

### Section 39-16-402 – Official misconduct, et seq

(a) A public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly:(1) Commits an act relating to the public servant's office or employment that constitutes an unauthorized exercise of official power; (2) Commits an act under color of office or employment that exceeds the public servant's official power; (3) Refrains from performing a duty that is imposed by law or that is clearly inherent in the nature of the public servant's office or employment; (4) Violates a law relating to the public servant's office or employment; or (5) Receives any benefit not otherwise authorized by law.

(b) For purposes of subdivision (a)(2), a public servant commits an act under color of office or employment who acts or purports to act in an official capacity or takes advantage of the actual or purported capacity.

(c) (1) For purposes of subdivision (a)(5), the ways in which a public servant receives a benefit not otherwise authorized by law include, but are not limited to, a public servant who: (A) Purchases real property or otherwise obtains an option to purchase real property with intent to make a profit if the public servant knows that such real property may be purchased by a governmental entity and such information is not public knowledge; or (B) Acquires nonpublic information derived from such person's position as a public servant or gained from the performance of such person's official duties as a public servant and knowingly acts on such nonpublic information to acquire, or obtain an option to acquire, or liquidate, tangible or intangible personal property with intent to make a profit. (2) Ouster provisions shall be instituted upon a conviction under subsection (a) in which the conduct described in subsection (c) is the basis of the violation. In addition any person convicted of such offense shall forever afterward be disqualified from holding any office under the laws or constitution of this state.

(d) It is a defense to prosecution for this offense that the benefit involved was a trivial benefit incidental to personal, professional or business contact, and involved no substantial risk of undermining official impartiality.

(e) (1) An offense under subsection (a) in which the conduct described in subsection (c) is not the basis of the violation is a Class E felony.(2) An offense under subsection (a) in which the conduct described in subsection (c) is the basis of the violation is a Class A misdemeanor and the court shall order appropriate restitution to the governmental entity harmed by the offense. (3) If the defendant's conduct violates this section and other criminal statutes, nothing in this subsection (e) shall be construed as prohibiting prosecution and conviction for theft or any

13

other such applicable offense in addition to or in lieu of prosecution and conviction for a violation of this section.

(f) Charges for official misconduct may be brought only by indictment, presentment or criminal information; provided, that nothing in this section shall deny a person from pursuing other criminal charges by affidavit of complaint.

### Section 55-8-103    Required obedience to traffic laws -

(a) It is unlawful and unless otherwise declared in this chapter and chapter 10, parts 1 - 5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

### Section 55-8-136    Drivers to exercise due care -

(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid collision with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endanger life, limb or property.

(c) A violation of this section is a Class C misdemeanor.

### Section 55-10-101    Accidents involving death or personal injury -

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close to the scene as possible, but shall then return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of §55-10-103.

(b) (1) A violation of subsection (a) is a Class A misdemeanor.

(2) (A) It is a Class E felony for any person to fail to stop or to comply with the requirements of subsection (a) when the person knew or should reasonably have known that death resulted from the accident.(B) If, as a result of the same course of conduct, a person who is charged with a violation of subdivision (b)(2)(A) is also charged with the offense of vehicular assault under §39-13-106, vehicular homicide under §39-13-218, any sentence imposed for a violation of subdivision (b)(2)(A) shall be served consecutive to any sentence imposed for the applicable assault or homicide

14

offense.

(c) The commissioner shall evoke the license or permit to drive and any nonresident operating privilege of the person convicted of a violation of this section.

(d) As used in this part, "accident" includes any collision or crash, regardless of the degree of care exercised by the drivers involved or whether it was the result of criminal conduct.

### Section 55-10-103  Duty to give information and render aid. -

(a)      The driver of any vehicle involved in an accident, resulting in injury to or death of any person or damage to any vehicle that is driven or attended by any person shall give the driver's name, address and the registration number of the vehicle the driver is driving, and shall, upon request and if available, exhibit that driver's operator's or chauffeur's license, or driver license, to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if carrying is requested by the injured person.

### Section 55-10-106   Immediate notice of accident.

(a)      The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of fifty dollars ($50.00) or more shall immediately, by the quickest means of communication, give notice of the accident to the local police department if the accident occurs within a *municipality, otherwise to the office of the county sheriff or the* nearest office of the state highway patrol.

### Section 55-8-108 et seq.  Authorized emergency vehicles.

(a) The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions stated in this section.

(b) (1)  A driver of an authorized emergency vehicle operating the vehicle in accordance with this subsection (a) may:

(A) Park or stand, notwithstanding, other provisions of this chapter that regulate parking or standing;

(B) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

15

(C) Exceed the seed limits so long as life or property is not thereby
endangered; and

(D) Disregard regulations governing direction of movement or
turning in specified directions.

(2)  Subdivision (b)(1) shall not relieve the driver of an authorized
emergency vehicle from the duty to drive with due regard for the
safety of all persons, nor shall subdivision (b)(1) protect the driver
from the consequences of the driver's own reckless disregard for
the safety of others.

(c) (1) The exemptions granted under subsection (b) to a driver of an
authorized emergency vehicle shall only apply when the vehicle is
making use of audible and visual signals meeting the requirements
of the applicable laws of this state, except that while parked or
standing an authorized emergency vehicle shall only be required to
make use of visual signals meeting the requirements of the
applicable laws of this state.

(2)  Nothing in this section shall be construed to prohibit the driver
of an authorized emergency vehicle while parked or standing, from
making use of both audible and visual signals meeting the
requirements of the applicable laws of this state, in the discretion of
the driver.

(d)  An authorized emergency vehicle operated as a police vehicle may
be equipped with or display a red light only in combination with a
blue light visible from in front of the vehicle.

(e)  Notwithstanding the requirement of this section that drivers of
authorized emergency vehicles exercise due regard for the safety
of all persons, no municipality or county nor the state or any of its
political subdivisions, nor their officers or employees, shall be liable
for any injury proximately or indirectly caused to an actual
suspected violator of a law or ordinance who is fleeing pursuit by
law enforcement personnel.  The fact that law enforcement
personnel pursue an actual or suspected violator of a law or
ordinance who flees from pursuit shall not render the law
enforcement personnel, or the employers of the law enforcement
personnel, liable for injuries to a third party proximately caused by
the fleeing party unless the conduct of the law enforcement
personnel was negligent and that negligence was a proximate
cause of the injuries to the third party.

### Section 55-10-205 Reckless driving.

(a) Any person who drives any vehicle in willful or wanton disregard for the
safety of persons or property commits reckless driving.

30.  Plaintiffs charge and allege that at the time of the collision in question, the

16

following Statutes of the State of Tennessee were in full force and effect and were

violated by Defendant, Marterrion Brisco, constituting negligence per se, to wit:

### Section 55-8-103    Required obedience to traffic laws -

It is unlawful and unless otherwise declared in this chapter and chapter 10, parts 1 - 5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

(b)  Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid collision with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

(b) A violation of this section is a Class C misdemeanor.

### Section 55-10-101    Accidents involving death or personal injury -

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close to the scene as possible, but shall then return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of §55-10-103.

### Section 55-10-103  Duty to give information and render aid. -

(a)    The driver of any vehicle involved in an accident, resulting in injury to or death of any person or damage to any vehicle that is driven or attended by any person shall give the driver's name, address and the registration number of the vehicle the driver is driving, and shall, upon request and if available, exhibit that driver's operator's or chauffeur's license, or driver license, to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if carrying is requested by the injured person.

**Section 55-10-106   Immediate notice of accident.**

(a)    The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of fifty dollars ($50.00) or more shall immediately, by the quickest means of communication, give notice of the accident to the local police department if the accident occurs within a *municipality, otherwise to the office of the county sheriff or the* nearest office of the state highway patrol.

**Section 55-10-205 Reckless driving.**

(a)   Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

31.  Plaintiffs charge and allege that the two sworn police officers, Defendant Officers Malone and Williams of the Defendant City and Defendant MPD, were in violation of certain ordinances of Shelby County, Tennessee which were in full force and effect at the time and place of the accident and applicable as set forth in the Shelby County Tennessee Code of Ordinances, constituting negligence per se, as follows:

**Section 24-116.  Duty to devote full time and attention to operating vehicle.**

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**Section 24-117.   Duty to drive at a safe speed, maintain lookout, and keep vehicle under control;**

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:

(1)  Operate his vehicle at a safe speed.
(2)  Maintain a safe lookout;
(3)  Use due care to keep his vehicle under control.

**Section 24-136.  General speed restrictions.**

It shall be unlawful for any person to drive a vehicle upon the streets or highways of the county at a speed greater than that which is posted by the county or state.

18

32.  Plaintiffs charge and allege that the Defendant, Marterrion Brisco, was in

violation of certain ordinances of Shelby County, Tennessee which were in full force

and effect at the time and place of the accident and applicable as set forth in the

Shelby County Tennessee Code of Ordinances, constituting negligence per se, as

follows:

> **Section 24-115.  State driver's license required; compliance with financial responsibility law required; evidence of compliance.**
> (a)     For purposes of this section:
>      Financial responsibility means:
>       (1)   Documentation, such as the declaration page of an insurance policy, an insurance binder, or an insurance card from an insurance company authorized to do business in the state, stating that a policy of insurance meeting the requirements for the state financial responsibility law has been issued;
> (b)     No person shall operate any motor vehicle on any street or highway without having in his possession a driver's license valid under the laws of the state for the type or class of vehicle being driven.
> (e)     It is a violation of this section to fail to provide evidence of financial responsibility pursuant to this section.
>
> **Section 24-116.  Duty to devote full time and attention to operating vehicle.**
>     It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.
>
> **Section 24-117.   Duty to drive at a safe speed, maintain lookout, and keep vehicle under control;**
>     Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
>       (1)  Operate his vehicle at a safe speed.
>       (2)  Maintain a safe lookout;
>       (3)  Use due care to keep his vehicle under control.
>
> **Section 24-136.   General speed restrictions.**
>     It shall be unlawful for any person to drive a vehicle upon the streets or

19

highways of the county at a speed greater than that which is posted by the county or state.

## VI. PROXIMATE CAUSE

33. Plaintiffs reallege paragraphs 1 through 31 of this First Amended Complaint and incorporate them herein by reference.

34. Plaintiffs charge and allege that one, some or all of the aforesaid acts of common law negligence, violations of the Statues of the State of Tennessee, and/or violation of certain Ordinances of Shelby County, Tennessee, by the two sworn police officers of Defendant City and Defendant MPD, and Defendant, Marterrion Brisco, was the direct and proximate cause of the collision at issue and the resulting injuries and damages sustained by minor Plaintiff, LASUNDRA JOSEPHINE WHITE and deceased minor Plaintiff, JASMINE KINDS, to be hereinafter set out with more particularity.

## VII. INJURIES AND DAMAGES

35. Plaintiffs reallege paragraphs 1 through 33 of this First Amended Complaint and incorporate them herein by reference

36. Plaintiff, SHONDA R. WHITE, individually and as mother and next friend LASUNDRA JOSEPHINE WHITE, minor, charges and alleges that as a direct and proximate result of one, some, or all of the of the aforesaid acts of common law negligence and/or violation of the Statutes of the State of Tennessee and/or violation of the Ordinances of Shelby County, Tennessee, on the part of the two sworn police officers of the Defendant City and Defendant MPD, and Defendant, Marterrion Brisco, that  minor Plaintiff LASUNDRA JOSEPHINE WHITE, suffered injuries and damages including but not limited to:

20

a.    Severe and permanent personal injuries and damages, including but not limited to 2nd degree burns on the right side of her body, scarring and disfigurement, and injuries to her body as a whole, and trauma;

b.    Temporary/permanent impairment to the body as a whole as a result of multiple injuries;

c.    Enormous pain and physical suffering;

d.    Hedonic damages, including loss of enjoyment of life, both past and future;

e.    Fright and shock;

f.    Great mental anguish, and

g.    Out of pocket expenses;

h.    Large medical expenses, both past and future, were also incurred by Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of minor Plaintiff, LASUNDRA JOSEPHINE WHITE, the known amount which may be supplemented, pursuant to TCA § 24-5-113(b).

i.    Plaintiff, LASUNDRA JOSEPHINE WHITE, was left to cope with emotional and mental distress, physical trauma and injuries that required follow up medical care after and due to the officers' actions on May 6, 2023;

j.    Past, present, and future emotional distress, anguish, anxiety, pain, and suffering;

k.    Past, present and future medical expenses.

37.    That Defendant City and Defendant MPD, through its officers, agents and/or employees were intentional or exhibited reckless indifference in causing Injuries to Plaintiffs.

38.    That the assault of agents and/or employees of Defendant City and Defendant MPD, caused Plaintiff to suffer a loss of earning capacity, as well as suffer

21

physical and mental/emotional injuries and disfigurement, and severe burns to her body as a whole

39.  Defendant City and Defendant MPD and its officers, agents and/or employees' actions caused injuries experienced by Plaintiffs on May 6, 2023.

40.  That because of and due to the actions of agents and/or employees of Defendant City and Defendant MPD, and actions or omissions and the above-named Defendants, Ontarian Malone, Marquavius Williams, Materrion Brisco and Xavier Hunt, Plaintiff suffered compensatory damages that consists of her legal fees and work losses and earnings capacity, as well as damages in the form of mental anguish, loss of enjoyment of life, humiliation, disfigurement, medical expenses, and damage to her reputation among other non-economic damages.

41.  That because of and due to the actions of agents and/or employees of Defendant City and Defendant MPD, and actions or omissions and the above-named Defendants, Plaintiff SHONDA R. WHITE, who is the mother and next friend of LASUNDRA JOSEPHINE WHITE, suffered damages in the form of loss of services that would have been provided by Plaintiff, LASUNDRA JOSEPHINE WHITE, but for the actions/omissions of the Defendants.

42.  In addition, Officers Malone and Williams are liable for compensatory and exemplary damages arising from their negligence and gross negligence, and Defendant City and Defendant MPD are also liable additionally for punitive damages to Plaintiffs.

43.  Plaintiff, SHONDA R. WHITE, individually and as mother and next

22

friend of JASMINE KINDS, deceased minor, charges and alleges that as a direct and

proximate result of one, some, or all of the of the aforesaid acts of common law

negligence and/or violation of the Statutes of the State of Tennessee and/or violation of

the Ordinances of Shelby County, Tennessee, on the part of the Defendant Officers

Malone and Williams, of the Defendant City and Defendant MPD and Defendant,

Marterrion Brisco, that minor Plaintiff, JASMINE KINDS, suffered severe and fatal

injuries and damages, including but not limited to:

    a.    Severe fatal personal injuries and damages to her body as a whole
resulting in her death,

    b.    Enormous pain and physical suffering prior to her death;

    c.    Hedonic damages, including loss of enjoyment of life, both
past and future;

    d.    Fright and shock;

    e.    Great mental anguish, and

    f.    Out of pocket expenses;

    g.    Large medical expenses, both past and future, were also
incurred by Plaintiff, SHONDA R. WHITE, individually and as
mother and next friend of deceased minor Plaintiff, JASMINE
KINDS, the known amount which may be supplemented,
pursuant to TCA § 24-5-113(b), including medical expenses
and funeral expenses.

## VIII. CIVIL RIGHTS CLAIM

44.    Plaintiffs reallege paragraphs 1 through 42 of this First Amended

Complaint and incorporate them herein by reference.

45.    The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as

follow:

> Every person who, under color of any
> statute, ordinance, regulation, custom
> or usage, of any state or territory or
> the District of Columbia, subjects, or
> causes to be subjected, any citizen of
> the United States or any other person
> within the jurisdiction thereof to the
> deprivation of any laws, privileges or
> immunities       secured       by       the
> Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper
> proceeding for redress.

46. Plaintiffs allege that Defendants, jointly and/or severally, deprived Plaintiffs

of their Fourth Amendment right, and those rights, privileges, and immunities secured

by the Fifth and Eighth Amendments to the Constitution as incorporated and

applied to the states through the Fourteenth Amendment. Defendants violated

Plaintiffs' rights in the following ways:

> A. By unlawfully pursuing Plaintiffs in violation of the Fourth
> Amendment and its reasonableness standard to be free from
> unreasonable, unlawful pursuit, when no probable cause
> existed to make a pursuit;

> B. By using excessive force and cruel and
> unusual punishment when pursuing Plaintiffs,
> specifically through force;

> C. By Defendants City and MPD failing to
> provide its officers with supervision and/or
> proper training to prevent such incidents of
> excessive force and unlawful pursuit, specifically
> all Defendant officers named herein.

> D. By Defendants City and MPD failing to
> provide proper training on the constitutional

24

limits on the use of force against citizen-detainees, specifically Defendants Ontarian Malone and Marquavius Williams, of the MPD and by ratification and condoning the actions or omissions of these officers by failing to intervene, failing to provide appropriate medical care to Plaintiffs when they were clearly in need of evaluation, treatment and stabilization.

E. By Defendants City and MPD failing to provide proper training of the dangers associated with unlawful pursuit of persons, causing unnecessary, unreasonable and permanent injury.

F. Defendants City and MPD failing to train or supervise its officers on the obligation to summon medical care for citizen-detainees experiencing medical conditions, despite medical care being a very short distance away from the above-described encounter with Plaintiffs and despite being fully aware that Plaintiffs were exhibiting clear signs of injury after such force was used.

47. Defendants' violations of Plaintiffs' constitutional rights resulted in their suffering and were a direct cause of their injuries.

### A. CLAIM ONE: 42 U.S.C. § 1983 – PEACE/OFFICER DEPUTY LIABILITY

48. Plaintiffs reallege paragraphs 1 through 46 of this First Amended Complaint and incorporate them herein by reference.

49. Plaintiffs bring this claim against Defendant Officers Malone and Williams individually as well as their official capacity, pursuant to U.S.C. § 1983 and for punitive damages.

. 50.    At all material times, Defendant Officers Malone and Williams, were

acting under color of state law as agents and employees of Defendant City and
Defendant MPD.  Both Defendant Officers Malone and Williams were always acting
within the course and scope of their duties as officers of the Defendant City and
Defendant MPD relevant during this cause of action.

51.    Plaintiffs demonstrated how Defendant Officers Malone and Williams
violated their federal constitutional rights and civil liberties guaranteed by the Fourth
and Fourteenth Amendments by unlawfully pursuing them.

52.    Defendant Officers Malone and Williams unlawfully acted under the
color of state law to deprive Plaintiffs of their Fourth Amendment right to be free from
unlawful pursuit without a warrant, without reasonable suspicion of a criminal act,
and without probable cause to believe a crime had occurred or was about to occur
and by exerting or allowing excessive force against them as well as failing to render
aid to Plaintiffs.

53.    Defendant Officers Malone and Williams used and abused their badge
and authority bestowed by Defendant City and Defendant MPD to interfere with
Plaintiffs' liberty without reasonable and just cause in violation of the Fourth
Amendment and violated Plaintiffs' constitutional rights as protected by the Fourth,
Fifth, Eighth and Fourteenth Amendments.

54.    Defendant Officers Malone and Williams lacked probable cause to
pursue Plaintiffs based on the surrounding circumstances of their actions.

55.    At the time of the incident, there were no outstanding warrants for
Plaintiffs.

26

56.    Plaintiffs did not make any verbal or gesture that would subjectively or objectively give Defendant Officers Malone and Williams reason to believe Plaintiffs needed to be arrested.

57.    As a direct and proximate cause of this unlawful pursuit Plaintiffs suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 2.    Excessive Force

58.    Plaintiffs reallege paragraphs 1 through 56 of this First Amended Complaint and incorporate them herein by reference.

59.    Plaintiff brings this claim against Defendant Officers Malone and Williams, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

60.    At all material times, Defendant Officers Malone and Williams were acting under color of state law as an agent and employee of Defendant City and Defendant MPD. Defendant Officers Malone and Williams wore their official Defendant MPD uniform and were acting within the course and scope of their duties as City of Memphis officers at all times relevant to this cause of action.

61.    Plaintiffs assert Defendant Officers Malone and Williams violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

62.    Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer. *See Graham v.*

27

*Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show
that Defendant Officers Malone and Williams' act of pursuing Plaintiffs was excessive
and unreasonable under these circumstances and their failure to intervene and/or
attend to their injuries and provide necessary medical care was equally troubling and
unlawful.

63.    Plaintiffs did not commit a criminal act in Defendant Officers Malone
and Williams' presence therefore no facts or circumstances existed to support or
warrant an unlawful pursuit of them.

64.    Plaintiffs never made a violent movement towards Defendant Officers
Malone and Williams, or any other person involved that could be objectively or
subjectively interpreted as an immediate threat to the safety of the officers or others.

65.    Defendant Officers Malone and Williams' actions were unreasonable and
unwarranted under the circumstances when comparing or balancing the amount of force
used against the need for the force under the current circumstances.

66.    Therefore, by using subjectively and objectively unreasonable force while
acting under color of state law, Defendant Officers Malone and Williams violated Plaintiffs'
rights under the Fourth and Fourteenth Amendments to the United States Constitution.

67.    As a direct and proximate cause of Defendant Officers Malone and
Williams' excessive force and any other Defendant's failure to intervene and/or
supervise, Plaintiffs suffered federal civil liberty violations, public humiliation, permanent
physical injury, medical expenses, lost wages and earning capacity, mental and
emotional distress as well as disfigurement.

28

## B. CLAIM TWO: 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

68. Plaintiffs reallege paragraphs 1 through 66 of this First Amended Complaint and incorporate them herein by reference.

69. Plaintiffs bring this claim against Defendant City.

70. Plaintiffs assert that their constitutional rights were violated when Defendant Officers Malone and Williams unlawfully pursued Plaintiffs, using excessive force in pursuing Plaintiffs at a very high rate of speed, exceeding the posted speed limit, violating their constitutional rights.

71. Plaintiffs assert that their constitutional rights were violated when Defendant Officers Malone and Williams, one or all of them, failed to intervene or provide, render or solicit necessary medical treatment after the vehicle accident as described herein.

72. Defendant City is also liable under 42 U.S.C. § 1983 for failing to supervise and train its officers insofar as it failed to provide training and supervision for a known and foreseeable occurrence of initiating and engaging in high-speed vehicle pursuits. In addition, the Defendant City's willful blindness, including but not limited to by supervisory employees, towards the constitutional violations of its employees, constitutes gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

73. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or

29

custom of the municipality. Even if the Defendant City's practice of overlooking

constitutional torts was not authorized by an officially adopted policy, the practice

may be so common and well-settled that it fairly represents official policy. *See Bd.*

*of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,404 (1997).

74.     Defendant City's formal and informal actions reflect a policy, practice,

custom and procedure authorizing and allowing constitutional rights violations.

75.     Consequently, Defendant City is liable for harm caused to Plaintiffs

because of its formal and/or informal policies, practices customs and procedures.

76.     Defendant City is liable for the constitutional torts of officers Malone

and Williams because the MPD sanctioned the following customs, practices, and

policies:

> (A)     Using unreasonable and excessive force to carry
> out detentions and/or arrests;
>
> (B)     Arbitrarily using arrests when they are not
> necessary or permitted by law;
>
> (C)     Ignoring the serious need for training and
> supervision of its officers, specifically officers who
> have exhibited a pattern and practice of violation
> rules and regulations regarding policies and
> procedures for initiating and conducting high speed
> vehicular pursuit that greatly exceeds the posted
> speed limit.
>
> (D)     Ignoring the pattern and practices of Defendants,
> Williams and Malone, who have repeatedly in high-
> speed vehicular pursuits and speed that greatly
> exceed the posted speed limit, with no vehicle lights
> on, no visual or audible emergency signals or a
> combination of emergency devices during a time of
> darkness, when the individuals being pursued have not
> committed a crime;

30

(E)    Failing to adequately supervise and/or observe its officers;

(F)    Failing to adequately train officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

(G)    Failing to discharge officers, specifically officers who have shown a pattern or practice of misbehavior.

(H)    Failing to discharge officers who have shown a pattern or practice of using excessive force;

(I)    Failing to adequately screen officers, specifically officers, who have shown a pattern or practice of using excessive force before hiring said officers;

(J)    In all such ways as pled in paragraphs 40 7 (A)-(F) above.

(K)    Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

77. At the time Defendant Officers Malone and Williams pursued Plaintiffs, they were acting pursuant to Defendant City's policy, practice, custom and procedure of overlooking, ratifying and/or authorizing the officers' excessive use of force and failures to intervene and/or render aid. *See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978). Defendants Officers Malone and Williams, ratified, condoned or acquiesced to the actions and omissions by Defendant Officers Malone and Williams.

78. Thus, Defendant City's failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct

31

cause of Plaintiffs' injuries.

## 1.  **Failure to Train a Single Police Deputy**

79.   Plaintiffs reallege paragraphs 1 through 77 of this First Amended Complaint and incorporates them herein by reference.

80.   A City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the officers' acts were so egregious that the Defendant City should have had clear warning that the specific officers posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

81.   With respect to Defendant Officers Malone and Williams, the need for additional or different training was necessary and obvious considering the circumstances of this incident. Defendant City knew that Defendant Officers Malone and Williams were likely to engage in other acts of wrongful conduct or grossly negligent or reckless conduct without proper responses to and engagement with individuals like Plaintiffs, yet Defendant City continuously failed to properly discipline, supervise, or train officers, specifically Defendant Officers Malone and Williams.

82.   Defendant City's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant City had actual, subjective awareness of the risks involved insofar as it was aware of the need for said training and in fact had access to and resources for said training, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs

32

83. Thus, considering the substantial risks posed by Defendant Officers Malone and Williams, Defendant City failure to train one or all of them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

### CLAIM III:   TENNESSEE GOVERNMENTAL TORT LIABILITY

84.   Plaintiffs reallege paragraphs 1 through 82 of this First Amended Complaint and incorporate them herein by reference.

85.   As a municipality operating under the laws of the State of Tennessee under Tenn Code. Ann. § 29-20-101, Defendant City is liable for actions or omissions of its employees towards citizens committed or occurring while in the course and scope of their employment.

86.   Defendants and its employees, specifically but not limited to the law enforcement officers named herein, Defendant Officers, Malone and Williams, committed serious infractions which they had a duty to use reasonable care in ensuring would not occur.

87.   Said actions described herein above, alternatively and/or additionally amount to negligence which but for said negligence, Plaintiffs would have not suffered the injuries described herein.

88.   Said actions amounted to negligence from which Plaintiffs suffered damages and injuries.

### IX. ATTORNEY'S FEES

89.   Plaintiffs reallege paragraphs 1 through 87 of this First Amended Complaint

33

and incorporate them herein by reference.

90.  Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 42 U.S.C. § 1988. Plaintiffs hereby request that the Court and jury award their attorney's fees and expenses.

## X. JURY DEMAND

Plaintiffs respectfully demand a bench trial to hear the claims under the Governmental Tort Liability Act.  Plaintiffs further respectfully demand a jury trial to resolve all remaining claims set forth in this cause of action.

## X.  PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY REQUEST THAT:**

1.  Defendants be cited to appear and answer herein;

2.  That Plaintiffs have judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses;

3.  All other relief to which Plaintiffs are justly entitled, at law or in equity;

4.  Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of LASUNDRA JOSEPHINE WHITE, sues the Defendants and prays for a judgment for compensatory damages in an amount not to exceed Ten Million and No/100 Dollars ($10,000,000.00);

34

5. Plaintiff, SHONDA R. WHITE, individually and as mother and next friend of deceased minor, JASMINE KINDS, sues the Defendants and prays for a judgment for compensatory damages in an amount not to exceed Ten Million and No/100 Dollars ($10,000,000.00);

6. Plaintiffs also pray for a trial and the right to amend their Complaint to conform to the evidence as it develops, costs, post-judgment interest, and for any and all further legal and equitable relief that this Honorable Court deems proper.

MILLER LAW FIRM

Henry W. Miller, III    (#016817)
Michael W. Miller    (#11612)
Henry W. Miller, IV (#036533)
*Attorneys for Plaintiffs*
2400 Poplar Avenue, Suite 418
Memphis, TN 38112
901-327-3434    (Office)
mlfhenry@bellsouth.net
mlfmichael@bellsouth.net
mlfhenryjr@gmail.com

## CERTIFICATE

    I do hereby certify that I have served a copy of the foregoing pleading by mailing and/or emailing a copy of same to counsel and/or parties whose names and addresses appear below, having done same this __15ᵗʰ__ day of __July__ ,
2025:

          Tanner G. Gibson – Chief Legal Officer/City Attorney
          Frank B. Thacher, III (#23925) – Senior Assistant City Attorney
          125 N. Main St., Room 336
          Memphis, TN 38103
          (901) 636-7408
          Frank.Thacher@memphistn.gov
          *Attorney for City of Memphis*

          Marterrion Brisco
          3196 Southbridge Street
          Memphis, TN 38118

          Xavier Hunt
          4455 Laird Drive
          Memphis, TN 38141

          Matthew W. Pryor (LA Bar #23,903) Application pending for TN
          James S. Sullivan #036332
          2000 Meridian Boulevard, Suite 225
          Franklin, TN 37067
          (615) 514-6710
          mpryor@asilpc.com
          jsullivan@asilpc.com
          *Attorneys for Symara A.C. Young*

                             _____
          Henry W. Miller, III   #016817
          Michael W. Miller  #11612
          Henry W. Miller, IV  #036533

36

**Thacher, Frank**

| | |
|---|---|
| **From:** | Soncerae Harbor <mlflegalassist@gmail.com> |
| **Sent:** | Tuesday, July 15, 2025 1:58 PM |
| **To:** | Matthew Pryor; Thacher, Frank; James Sullivan |
| **Cc:** | mlfhenry; Henry Miller |
| **Subject:** | CT-1610-24; DIV 9 |
| **Attachments:** | Amnd Cmplnt filed 7.15.25.pdf |

CAUTION: This email originated outside of the **City of Memphis** organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good Afternoon,

Please see the attached **Plaintiffs' First Amended Complaint** filed with the Court on behalf of our clients.

Please confirm upon receipt, thank you.

Soncerae Harbor
Paralegal
Miller Law Firm
2400 Poplar Ave, #418
Memphis, TN 38112
Phone:901-327-3434
Fax: 901-327-3440
Email: mlflegalassist@gmail.com