IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SHONDA R. WHITE, INDIVIDUALLY AND AS
MOTHER AND NEXT FRIEND OF
LASUNDRA JOSEPHINE WHITE, A MINOR
And JASMINE KINDS, DECEASED MINOR,

    Plaintiffs

DOCKET NO: 2:25-CV-02800

vs.

JUDGE MARK NORRIS

MAGISTRATE TU M. PHAM

CITY OF MEMPHIS, TENNESSEE,
MEMPHIS POLICE DEPARTMENT,
ONTARIAN MALONE,
MARQUAVIUS WILLILAMS,
MATERRION BRISCO, and
XAVIER HUNT,

    Defendants.

---

## MEMORANDUM OF PLAINTIFFS IN OPOSITION TO DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDEREAL RULES OF CIVIL PROCEDURE

---

Come now the Plaintiffs, by and through their counsel of record, and file this Memorandum of Facts and Law in support of their opposition to Defendant City of Memphis' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would respectfully state to the Court as follows:

## FACTS

This cause of action arises from a vehicular accident on or about May 6, 2023,

## FACTS

This cause of action arises from a vehicular accident on or about May 6, 2023, in Memphis, Shelby County, Tennessee, resulting from a high-speed chase engaged in by the Defendant Officers, Malone and Williams, Officers with the Defendant City and Defendant MPD, and the vehicle driven by Defendant, Marterrion Brisco, in which minor Plaintiff, LASUNDRA JOSEPHINE WHITE, was severely injured and minor Plaintiff, JASMINE KINDS, was wrongfully killed as a result of her severe injuries.

Pursuant to the above and in accordance with TCA §29-220-307, jurisdiction, venue, and service of process is therefore proper with this Honorable Court.

On or about May 6, 2023, at approximately 2:53 A.M., minor Plaintiffs, LASUNDRA JOSEPHINE WHITE, and JASMINE KINDS, were guest passengers in a 2013 Infiniti G37 automobile bearing Tennessee License No. BJW9457, driven by Defendant, Marterrion Bisco and owned by Defendant, Xavier Hunt, traveling eastbound on Park Avenue in Memphis, Shelby Couty, Tennessee.

At the same time, on or about May 6, 2023, Defendant Officers Malone and Williams, employed by Defendant City and Defendant MPD, and operating a marked police unit owned by the Defendant City, engaged in a high-speed pursuit of the 2013 Infiniti G37 operated by Defendant, Marterrion Brisco.

On or about May 6, 2023, at approximately 2:53 A.M., the sworn police officers employed by Defendant City and Defendant MPD, Defendant Officers Malone and Williams, in their high-speed pursuit of the vehicle operated by Defendant, Marterrion Brisco, intentionally struck the rear of the 2013 Infiniti G37 vehicle operated by Defendant, Marterrion Brisco, which caused Defendant,

Marterrion Bisco, to swerve to avoid a vehicle, crossed the center line, failed to maintain control, striking a vehicle traveling westbound on Park Avenue. That Defendant Marterrion Brisco then exited the roadway to the north striking a chain link fence, a metal awning, and a brick building, which resulted in Defendant's vehicle catching on fire and exploding, burning the building and coming to rest against the same brick building facing east.

Prior to initiating the high-speed pursuit Defendants, Officers Malone and Williams, turned off their headlights, disconnected, turned off and/or dismantled all communication and location devices for their patrol car.

That after the impact, Defendant, Marterrion Brisco fled the scene of the accident.

## **LAW AND ARGUMENT**

The U.S. Court of Appeals, Sixth Circuit in the case of Mayer v. Mylod, 988 F2d 635 (6th Circuit 1993) cited the law pertaining to Dismissals of Complaints for failure to state a claim upon which relief can be granted.

Dismissals of complaints for failure to state a claim upon which relief can be granted are subject to de novo review. *638 E.g., Sinay v. Lamson & Sessions F.2d 638 Co., 948 F.2d 1037, 1039 (6th Cirt. 1991) (citing Craighead v. E.F. Hutton & Co. 899 F.2d 485, 489 (6th Cir. 1990)). All factual allegations are considered to be true. Id. (citing Jenkins vs. McKeithen, 396 U.S. 411, 421-22, 89 S.Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969)). If an allegation is capable of several inferences, the allegation must be construed in a light most favorable for the plaintiff. Id. (citing Scheuer vs

Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683, 1686, 40 L.Ed.2d 90 (1974)).

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. See Nishiyama vs. Dickson County, Tennessee, 814 F.2d 277, 279 (6th Cir. 1987) As the court stated in Conley v. Gibson, 355 U.S.41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. Id.at 47, 78 S.Ct. at 103; Oil Chem. & Atomic Worker's Int'l Union, AFL-CIO v. Delta Ref. Co., 277 F.2d 694 (6th Cir. 1960). Therefore Mayer's and Ehrenberg's complaints should be dismissed only if Mayer's and Ehrenberg can allege no set of facts which entitle them to legal relief.

The Tennessee Court of Appeals opinion filed on 09//05/2025 Jospheen Guirguis, et al. v. Metropolitan Government of Nashville and Davidson County, Appeal from the Circuit Court for Davidson County No. 18C-885 Thomas W. Brothers, Judge, No. M2024-0111310-COA-R3-CV, stated in its analysis of the "civil rights" exception within GTLA as follows.

Nonetheless, section 29-20-205 also goes on to provide for specific circumstances under which immunity is preserved. As is relevant to this case, section 29-20-205(2) explains that immunity is not removed where "the injury arises out of false

4

imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit,, interference with contract rights, infliction of mental anguish, invasion of right of privacy, *or civil rights*[.]" Tenn. Code Ann. § 29-20-205(2) (emphasis added). Consequently, this Court has previously held that where the "underlying acts which [a plaintiff] alleges to be negligent ... [are] predicated on intentional tortious conduct involving the violation of [the plaintiff's] civil rights" by government employees, the "'civil rights exception' in Tenn. Code Ann. § 29-20-205(2)" is applicable. Jackson v. Thomas, No. M2010-01242-COA-R3-CV, 2011 WL 1049804, at *7 (Tenn. Ct. App. Mar. 23, 2011) (citing Campbell v. Anderson Cnty., 695 F. Supp.2d 764, 778 (E.D. Tenn. 2010)).

As the GTLA is in derogation of the common law, it is to be strictly construed and confined to its express terms. Moreno v. City of Clarksville, 479 S.W.3d 795, 809-10 (Tenn. 2015). As a result, "[t]he GTLA's waiver of immunity is 'narrowly confined in its scope.'" Hughes v. Metro. Gov't of Nashville and Davidson Cty., 340 S.W.3d 352, 361 (Tenn. 2011) (quoting Doyle v. Frost, 49 S.W.3d 853, 858 (Tenn. 2001)). We keep these principles in mind as we address Appellants' arguments in this appeal.

In the present case Plaintiffs have alleged facts of negligence and prior bad acts that arise to be negligent which are predicated on intentional tortious conduct involving the violation of the Plaintiffs' civil rights by the two Defendant Police Officers of the MPD. Plaintiffs would assert that the two Defendant Police Officers have been indicted by a Shelby County Grand Jury on numerous offenses as a result of their conduct resulting in the death and permanent injury of the Plaintiffs in this case.

## **CONCLUSION**

Plaintiffs respectfully submit to the Court under present case law and the facts presented in Plaintiffs' Second Amended Complaint that the Defendant's Motion to Dismiss Plaintiffs' Complaint should be denied by the Court.

Respectfully submitted,

MILLER LAW FIRM

/s/ Michael W. Miller
Michael W. Miller, #11612
Henry W. Miller, III  #016817
Henry W. Miller, IV  #036533
Attorneys for Plaintiffs
2400 Poplar Avenue, Suite 418
Memphis, TN 38112
901-327-3434   (Office)
mlfhenry@bellsouth.net
mlfmichael@bellsouth.net
mlfhenryjr@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing pleading by mailing and/or emailing a copy of same to counsel and/or parties whose names and addresses appear below, having done same this _25th_ day of _September_ 2025.

Tannera G. Gibson
Chief Legal Officer/City Attorney
Frank B. Thacker, III, Esquire
Senior Assistant City Attorney
125 N. Maion St., Room 336
Memphis, TN 38103

Matthew W. Pryor, Esquire
James S. Sullivan, Esquire
Alexander Shunnarah Injury Lawyers
2000 Meridian Boulevard, Suite 225
Franklin, TN 37067

Ontarian Malone
4928 Woodberry Cove
Memphis, TN 38141

Marquavirus Williams
6375 Arbor Creek Trail, #102
Memphis, TN 38115

Materrion Briscoe
3196 Southbridge St.
Memphis, TN 38118

Xavier Hunt
4455 Laird Dr.
Memphis, TN 38141

Bruce McMullen
Jennie Silk
*Baker, Donelson, Bearman, Caldwell & Berkowitz*
2000 First Tennessee Building
165 Madison Ave.
Memphis, TN 38103

/s/ Michael W. Miller
Michael W. Miller  #11612
Henry W. Miller, III    #016817
Henry W. Miller, IV    #036533

7