IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

SHONDA R. WHITE, INDIVIDUALLY AND AS
MOTHER AND NEXT FRIEND OF
LASUNDRA JOSEPHINE WHITE, A MINOR
And JASMINE KINDS, DECEASED MINOR,

    Plaintiffs

                                           JUDGE MARK NORRIS

vs.                                        DOCKET NO.: 2:25-cv-02800

                                           MAGISTRATE TU M. PHAM

CITY OF MEMPHIS, TENNESSEE,
MEMPHIS POLICE DEPARTMENT,
ONTARIAN MALONE,
MARAQUAVIUS WILLILAMS,
MATERRION BRISCO, and
XAVIER HUNT,

    Defendants.
_____

**RESPONSE OF PLAINTIFFS TO DEFENDANT CITY OF MEMPHIS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**
_____

    Come now the Plaintiffs, by and through their counsel of record, and in response to Defendant City of Memphis' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would respectfully state to the Court as follows

    That Plaintiffs filed their First Amended Complaint which set forth sufficient acts of negligence of the wrongdoing of Defendant City of Memphis, its agents, servants and/or employees; that said plausible acts of negligence are sufficient upon which relief can be granted.

Plaintiffs have filed a Second Amended Complaint alleging additional facts and allegations relative to Plaintiffs' case.

The additional facts as follows:

1. Plaintiffs, Shonda R. White, Lasundra Josephine White and Jasmine Kinds, respectfully show that prior to the events described, Defendant Officers Malone and Williams had engaged in similar pursuits which were known to Defendant City and Defendant Memphis Police Department which pursuits are specifically based on the following:

   a. On May 16, 2023, Defendant Officer Williams admitted that he had engaged in "black out" pursuits (pursuits at night where headlights and emergency lights are not illuminated) on a few occasions, prior to the events of May 6, 2023.

   b. Defendant Officer Williams was known to have knowingly violated stated policies and regulations of Defendant MPD regarding the personal use of police unit while off duty.

   c. Defendant Officer Williams was cited on two previous occasions for failure to maintain proper control of his marked police unit, once while in emergency mode, and once while not in emergency mode. On each occasion, Defendant Officer Malone claimed that the vehicle had faulty brakes.

   d. In two separate incidents, both occurring on December 20, 2022, Defendant Officer Williams, was cited for violations of Memphis Police Department's DR 101 Compliance with Regulations to wit: Police Vehicle Operation/Pursuit Policy.

e. The first pursuit occurring on December 20, 2022, Officer Williams traveled at speeds between 76 and 132 m.p.h. on roadways with posted speeds between 35 to 65 m.p.h.  He drove the police vehicle through a store parking lot and against traffic in oncoming lanes.  He drove on the shoulder of the interstate and exceeded the speeds of normal traffic flow without activating the emergency blue lights or siren and caused other vehicles to react evasively demonstrating reckless regard for the safety of others.

f. The second pursuit also occurring on December 20, 2022, Officer Williams passed another Police Officer's vehicle on the shoulder of the road traveling at 110 m.p.h. during the pursuit

g. These acts were known or should have been known to Defendant MPD prior to the events of May 6, 2023.

h. On February 9, 2023, Defendant Officer Malone engaged in high-speed pursuit of a suspicious vehicle, without activating emergency lights and sirens and without notification to his supervisor at Defendant MPD.

i. On December 20, 2022, Defendant Officer Malone engaged in a high speed pursuit of a vehicle that did not involve a "violent fleeing felon" without activating emergency lights and sirens and driving in excess of 100 miles per hour over streets with speed limits ranging between 35 miles per hour and 65 miles per hour.

   j. Both these incidents were known to Defendant MPD prior to the events of May 6, 2023.

2. Plaintiffs, Shonda R. White, Lasundra Josephine White and Jasmine Kinds, respectfully show Defendant Memphis Police Department's vehicle were equipped with In Car Video (ICV) and officers are required to wear Body Worn Cameras (BWC), which were to record all law enforcement activities.

3. Because of the technology equipped set forth above Defendant Memphis Police Department knew or in the exercise of reasonable care should have known that Defendant Officer Malone engaged in "black out" pursuits and failed to take any corrective measures whatsoever.

4. Plaintiffs, Shonda R. White, Lasundra Josephine White and Jasmine Kinds, respectfully show that Defendant City and Defendant Memphis Police Department failed to train or properly supervise Defendant Officers Malone and Williams through the following acts and/or omissions:

   *A.* Failure to take any corrective action regarding "black out pursuits" performed by Officer Willaims prior to May 6, 2023;

   *B.* Failure to ensure Defendant Officer Williams would continually maintain control of police units during emergency and non-emergency modes, following two accident resulting in significant property damage when Defendant Officer Williams failed to maintain control.

    **C.** Failure to ensure Defendant Officer Williams would not knowingly violate written policies and procedures.

    **D.** Failure to take any corrective action following two high-speed pursuits engaged by Defendant Officer Malone wherein policies concerning the activation of emergency lights, supervisory authority, and radio protocol were violated, both of which occurred within the six months preceding the events of May 6, 2023.

5. The failures set forth above constituted a deliberate indifference by Defendant City and Defendant Memphis Police Department, in that Officers known to engage in "black out" high speed pursuits, without notifying proper supervisory authority, without the use of emergency lights, ICV, BWC, failing to maintain control of police units, all in violation of the policies and procedures of Defendant MPD, to not only continue on patrol but to patrol together in the same marked police unit.

6. Plaintiffs, Shonda R. White, Lasundra Josephine White and Jasmine Kinds, respectfully show that the deliberate indifference is a cause in fact and a proximate cause of the injuries sustained herein, because the automobile accident set forth above occurred in whole or in part because of a high-speed "blacked out" pursuit that was engaged without emergency lights, without supervisory authority, all in violation of the policies and procedures of Defendant Memphis Police Department.

7. That Defendant City of Memphis, its agent, servants and/or employees unlawfully acted under the color of state law to deprive Plaintiffs of their Fourth Amended right to be free from unlawful pursuit without a warrant, without reasonable suspicion of a criminal act, and without probable cause to believe a crime had occurred or was about to occur and by exerting or allowing excessive force against them as well as failing to render aid to Plaintiffs.

8. As a municipality operating under the laws of the State of Tennessee under TCA § 29-20-101, Defendant City of Memphis is liable for actions or omissions of its employees towards citizens committed or occurring while in the course and scope of their employment.

**WHEREFORE**, Plaintiffs request that this Court enter an Order denying Defendant's Motion to Dismiss and that the matter proceed accordingly.

Respectfully submitted,

MILLER LAW FIRM

*/s/ Henry W. Miller*_____
Michael W. Miller,  #11612
Henry W. Miller, III    #016817
Henry W. Miller, IV    #036533
Attorneys for Plaintiffs
2400 Poplar Avenue, Suite 418
Memphis, TN 38112
901-327-3434 (Office)
mlfhenry@bellsouth.net
mlfmichael@bellsouth.net
mlfhenryjr@gmail.com

## CERTIFICATE OF SERVICE

      I do hereby certify that I have served a copy of the foregoing pleading by mailing and/or emailing a copy of same to counsel and/or parties whose names and addresses appear below, having done same this *26th* day of *September*, 2025.

Tannera G. Gibson
Chief Legal Officer/City Attorney
Frank B. Thacker, III, Esq
Senior Assistant City Attorney
125 N. Maion St., Room 336
Memphis, TN 38103

Matthew W. Pryor, Esquire
James S. Sullivan, Esquire
Alexander Shunnarah Injury Lawyers
2000 Meridian Boulevard, Suite 225
Franklin, TN 37067

Ontarian Malone
4928 Woodberry Cove
Memphis, TN 38141

Marquavirus Williams
6375 Arbor Creek Trail, #102
Memphis, TN 38115

Materrion Briscoe
3196 Southbridge St.
Memphis, TN 38118

Xavier Hunt
4455 Laird Dr.
Memphis, TN 38141

Bruce McMullen
Jennie Silk
*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*
2000 First Tennessee Building
165 Madison Ave.
Memphis, TN  38103

                                                             */s/ Henry W. Miller*_____
                                                             Michael W. Miller,  #11612
                                                             Henry W. Miller, III    #016817
                                                             Henry W. Miller, IV    #036533