# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSE
# WESTERN DIVISION

| | | |
|---|---|---|
| SHONDA R. WHITE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-2800-MSN-TMP |
| | ) | |
| v. | ) | Judge Mark S. Norris |
| | ) | |
| CITY OF MEMPHIS et al., | ) | Magistrate Judge Tu M. Pham |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO HOLD IN ABEYANCE HER DEADLINE TO RESPOND TO THE CITY'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff, through her undersigned counsel, moves the Court to hold in abeyance the December 1, 2025 deadline to respond to the Rule 12(b)(6) motion to dismiss filed by the City of Memphis in this case (ECF 19) until such time as the Court adjudicates the pending motions for admission *pro hac vice* for attorneys Stephen Weil and Joshua Levin (ECF 22 & ECF 23). The City opposes this motion.

In support of her motion Plaintiff states as follows:

1. This case arises from a car chase by two Memphis Police Department officers. During the chase the officers, who have been criminally indicted for their conduct, hit the car being pursued, causing severe injuries and death to that car's occupants.

2. Plaintiff, who represents some of those occupants, brought a complaint asserting state and federal claims in the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, including a claim against the City of Memphis pursuant to 42 U.S.C. § 1983. *See* ECF 1-1 (state court complaint).

3. The City removed the case to this Court, ECF 1, and then moved to dismiss the complaint's Section 1983 claims against it as insufficiently pleaded. ECF 8.

1

4. In response to the City's motion, Plaintiff amended her complaint. ECF 9.

5. The City then moved to dismiss the Section 1983 claims against it in the amended complaint as well, on grounds that they were also insufficiently pleaded. ECF 19.

6. The deadline to respond to the City's second motion to dismiss is December 1, 2025. ECF 21.

7. Section 1983 litigation against municipalities like the City of Memphis requires mastery of a complex body of substantive law and civil procedure. Plaintiff has determined that she requires counsel who specialize in Section 1983 municipal litigation to represent her in this case. To that end, Plaintiff has retained Mr. Levin and Mr. Weil.

8. Mr. Levin and Mr. Weil both focus their practice in Section 1983 municipal litigation. They are counsel in Section 1983 municipal litigation in federal courts across the country. Mr. Levin and Mr. Weil are both barred in Illinois. To represent Plaintiff in this case they require admission to this Court *pro hac vice.*

9. On November 24, 2025, Mr. Levin contacted counsel for the City of Memphis to seek the City's consent to the *pro hac vice* admission of himself and Mr. Weil. The City responded that it **does** oppose the admission of both Mr. Levin and Mr. Weil. Plaintiff therefore has filed motions to admit Mr. Levin and Mr. Weil *pro hac vice*, *see* ECF 22 & ECF 23, understanding that the City will file a response in opposition.

10. Among other things, Plaintiff has retained Mr. Levin and Mr. Weil to respond to the City's pending motion to dismiss.[1] However, unless and until they are admitted *pro hac vice*, they will be unable to do so. Motions to appear *pro hac vice* are typically matters of housekeeping and

---

[1] If and when they are admitted to appear in this case, Mr. Levin and Mr. Weil intend to address the pending motion to dismiss by seeking the Court's leave to file an amended complaint, to cure the pleading deficiencies that the City has purported to identify in its motion.

are virtually never opposed. Given the City's unanticipated opposition, Plaintiff finds herself in the unexpected position of litigating the *pro hac vice* motions for Mr. Levin and Mr. Weil before Mr. Levin and Mr. Weil are permitted to appear in this case to represent her in responding to the pending motion to dismiss within the current December 1 deadline.

11. In light of the City's opposition, Plaintiff anticipates that the unexpected dispute regarding the *pro hac vice* admissions may take several weeks for the Court to resolve, which will run past the December 1 deadline for responding to the City's current motion to dismiss—one of the things she has retained Mr. Levin and Mr. Weil to do.

12. Plaintiff respectfully submits that holding in abeyance her December 1 deadline to respond to the City's pending motion to dismiss, until the Court has ruled on Mr. Levin's and Mr. Weil's *pro hac vice* admissions, is a practical means of ensuring that counsel of her choosing are able to represent her in responding to the motion to dismiss.

13. Allowing the Court to decide whether Mr. Levin and Mr. Weil should be admitted, before Plaintiff is required to respond to the City's pending motion to dismiss, will not cause undue delay in this case. It will also improve the likelihood that this case will be decided on the merits rather than on purported pleading defects.

WHEREFORE, Plaintiff respectfully requests that the Court hold the December 1, 2025 deadline to respond to the City's motion to dismiss (ECF 19) in abeyance until the Court decides Plaintiff's motion to admit Mr. Levin and Mr. Weil *pro hac vice* (ECF 22 & ECF 23).

Date: November 28, 2025

Respectfully submitted,

*/s/ Henry W. Miller IV*
Henry W. Miller, III
Michael W. Miller
Henry W. Miller, IV
MILLER LAW FIRM

2400 Poplar Avenue, Suite 418
Memphis, TN 38112
901-327-3434
mlfhenry@bellsouth.net
mlfmichael@bellsouth.net
mlfhenryjr@gmail.com


*Counsel for Plaintiff*

2400 Poplar Avenue, Suite 418
Memphis, TN 38112
901-327-3434
mlfhenry@bellsouth.net
mlfmichael@bellsouth.net
mlfhenryjr@gmail.com


*Counsel for Plaintiff*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2, I certify that I attempted to consult via email with counsel for the City of Memphis, Mr. Bruce McMullen, on November 26, with related attempts to consult with Mr. McMullen via email on November 25. As of the time of filing, I have received no response to either my November 25 or November 26 emails.

*/s/ Henry W. Miller IV*
*Counsel for Plaintiff*
