# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| SYMARA A.C. YOUNG, | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, ONTARIAN MALONE, MARQUAVIUS WILLIAMS, and MARTERRION BRISCO, | ) | |
|     Defendants. | ) | |
| | ) | No. 2:25-cv-2799-SHL-atc |
| | ) | No. 2:25-cv-2800-SHL-atc |
| SHONDA R. WHITE, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF LASUNDRA JOSEPHINE WHITE, A MINOR, and JASMINE KINDS, DECEASED MINOR, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | |
| CITY OF MEMPHIS, TENNESSEE, MEMPHIS POLICE DEPARTMENT, ONTARIAN MALONE, MARQUAVIUS WILLIAMS, MARTERRION BRISCO, and XAVIER HUNT, | ) | |
|     Defendants. | ) | |

**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

Before the Court is Plaintiff Symara A.C. Young's Motion for Extension of Time to Effect Service of Process, filed December 8, 2025. (ECF No. 43.) The Motion, which is unopposed by Defendants City of Memphis and Memphis Police Department, and on which Defendant Ontarian Malone does not take a position, seeks an additional ninety days for Young

to serve Defendant Marquavius Williams. According to Young, a process server that she hired has been to Williams' address seven times, but has been unable to effectuate service on him. (Id. at PageID 321.) Young asserts that she believes Williams is "actively evading service of process" based on the fact that, on more than one occasion when service was attempted, there was a vehicle in the driveway, her process server left her card on the door multiple times and it was removed upon her return, and on one occasion there was a package at the front door addressed to Williams. (Id. at PageID 321–22.) Young asserts that, although the Court has discretion to fashion an appropriate sanction against Williams for evading service, including default judgment, the appropriate remedy in these circumstances would be a ninety-day extension of time to allow her to effect service on Williams. (Id. at PageID 322.)

Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Williams appears to have been added to this case upon the filing of the Amended Complaint in Shelby County Circuit Court on July 11, 2025. (See ECF No. 1-3.)[1] After removal to this Court, a summons was issued for Williams on August 27, 2025. (ECF No. 43 at PageID 320.) Service on Williams is overdue. Although there appears to be good cause for Young's inability to serve Williams, the Court is not convinced that providing another ninety days for her

---

[1] Young asserts that, when the state court granted her leave to file an amended complaint, "counsel for Defendant City of Memphis indicated that it was his client's intent to remove the case to this Court. Therefore, state court summons was not issued, Plaintiff opting to wait until removal occurred." (ECF No. 43 at Page 320.) The case was removed on August 8, 2025. (ECF No. 1.)

to continue to attempt service will prove to be effective. After all, according to Young and her process server, there is no question that the process server has been attempting service on Williams at the correct address, and Williams has managed to evade service on at least seven occasions. Neither Young nor her process server have offered an explanation as to how an additional ninety days would help solve the riddle of how to serve Williams.

Nevertheless, rather than sanctioning Williams for evading service, the Court will give Young one last approximate thirty-day extension in which to effectuate service upon him. If Young does not serve Williams by January 12, 2026, she shall so inform the Court. At that point, the Court will fashion an appropriate remedy, which may include an entry of default against Williams. Plaintiff is instructed to include this Order in the documents to be served on Williams.

**IT IS SO ORDERED,** this 9th day of December, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
